# Supreme Court of the Navajo Nation

---

**Navajo Nation, Plaintiff-Appellant,**

**v.**

**William Charles Yellow, Defendant-Appellee.**

**Decided January 18, 1994**

---

## OPINION

Before YAZZIE, Chief Justice, AUSTIN, Associate Justice, and TOLEDO, Associate Justice (by designation).

James A. Julian, Esq., Navajo Nation Office of the Prosecutor, Window Rock, Navajo Nation (Arizona), for the Appellant; and Wesley W. Atakai, Esq., Navajo Nation Public Defender, Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by YAZZIE, Chief Justice.

This is an appeal from a March 1, 1993 order of the Kayenta District Court which dismissed five criminal charges against William Yellow. The Navajo Nation Office of the Prosecutor is the appellant, and Yellow is the appellee. The appeal is dismissed for lack of jurisdiction.

I

The criminal complaints allege that during the early morning hours of September 17, 1992, Yellow sexually assaulted a fourteen year-old girl in Kayenta, Navajo Nation (Arizona). He was arrested and charged in a five-count criminal complaint with endangering the welfare of a minor, sexual assault, battery, seduction, and unlawful imprisonment.

Six months and twenty-one days elapsed between the filing of the complaint and the date of dismissal of all charges, with prejudice. During that period, the court granted three continuances, granted a motion for release on personal recognizance, and issued a bench warrant for the arrest of Yellow. The court rescheduled the trial date four different times.

On the fifth scheduled trial date, Yellow did not appear because he had been arrested and confined by federal authorities. The defense moved to dismiss the charges because the prosecution failed to bring Yellow physically before the court. The defense argued the prosecution had violated Yellow's right to a speedy trial, and the court accepted the argument in dismissing the charges. The court

also denied the prosecution's motion for reconsideration. The Office of the Prosecutor then filed this appeal on April 15, 1993.

On April 28, 1993, Yellow pleaded guilty to a federal sexual assault charge. He received a sentence of six and one-half years in federal prison.

## II

The dispositive issue before the Court is whether, under Navajo Nation law, the prosecution can appeal an order dismissing criminal charges.

## III

Appeals to the Navajo Nation Supreme Court are governed by 7 N.T.C. § 801 (1985). It provides:

> Every person aggrieved by any final judgment or other final order of a District Court of the Navajo Nation, or such other final administrative orders as provided by law and desiring to appeal shall within 30 days after the day such judgment or order is rendered appeal to the Supreme Court stating fully the grounds for appeal.

Is the Navajo Nation, represented by its prosecutor, a "person aggrieved" within the meaning of the statute?

The criminal code's definition of a "person" includes any natural Indian individual, corporation, partnership or unincorporated association or a government authority. 17 N.T.C. § 208(17) (1977). That would appear to include the Navajo Nation. However, that does not resolve the problem on appeal.

The United States Supreme Court has stated that appeals by the government in criminal cases are unusual, exceptional and not favored, given policies which underlie the prohibition against double jeopardy. *Will v. United States*, 389 U.S. 90, 96 (1967), citing *Carroll v. United States*, 354 U.S. 394, 400 (1957). Under common law (and as argued by the parties), the sovereign had no right to appeal an adverse criminal judgment unless expressly authorized by statute to do so. *Arizona v. Manypenny*, 451 U.S. 232, 245 (1981). Accordingly, the general rule of law is that the prosecution cannot appeal a judgment in favor of a defendant in a criminal case unless there is express legislative authorization to do so. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 568 (1977), citing *United States v. Wilson*, 420 U.S. 332, 336 (1975); *United States v. Sanges*, 144 U.S. 310 (1892).

Did the Navajo Nation Council intend for the Office of the Prosecutor to take appeals in criminal cases in our general appellate statute, 7 N.T.C. § 801, which was amended in 1985, or in the Navajo Nation Criminal Code? Previously, this Court found that our criminal code was largely based upon the Model Penal Code. *Navajo Nation v. Platero*, 6 Nav. R. 422 (1991). As a general rule, a legislature is presumed to know the law, including the principles discussed above.

Had the Navajo Nation Council intended that the prosecution could take appeals, it would have so provided in the 1977 criminal code revision or the 1985 Judicial Reform Act. Furthermore, the Navajo Nation Council could have conferred the right to take an appeal when the Office of Prosecutor was created in 1979. See Advisory Committee Res. No. ACF-9-79 (codified at 2 N.T.C. §§ 1971-74).

There is no express statutory right for the prosecution to take an appeal in the Navajo Nation. Given the constitutional and common law considerations which underlie the rule that the prosecution cannot appeal in the absence of statutory authority, we cannot find that the Navajo Nation Council intended, in the enactment of 7 N.T.C. § 801, to confer that authority. As noted, this principle of law is clear and longstanding. Other considerations support the decision we reach today. The government has greater resources than a criminal defendant, the stigma of criminal charges on a defendant is great, and there lurks the possibility that a prosecution may be drawn out in an attempt to harass or intimidate a defendant. Furthermore, the Navajo Nation Council represents the will of the people and surely it can express to the courts which criminal issues the prosecution can appeal.

Given the general principles of American law, the use of the Model Penal Code as our criminal code, and the policy considerations, we hold that there is no right for the Navajo Nation to appeal in a criminal action without express statutory authority.

This appeal is DISMISSED.